# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BOONE-CENTRAL TITLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:12-CV-4137 |
| ) | |
| DITTMER PROPERTIES, L.P., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is defendant CADC/RADC Venture 2011-1, LLC ("CADC"'s) Motion to Dismiss Claims of Dittmer Parties (Doc. # 31) and CADC's Motion to Dismiss Claims of Landmark Bank, N.A. (Doc. # 33) and Dittmer Defendants' Motion for Stay of Proceedings (Doc. # 38).

## I. BACKGROUND

In July 2006, the Barkley Center General Partnership ("BCGP") comprised of two equal partners, John Peters and Joe Dittmer, took out a loan in the amount of $2,550,000. Property owned by the partnership was used as collateral for the loan. The partnership defaulted on the loan and the property was placed under the control of the FDIC as receiver for the now insolvent bank.  The plaintiff successor in interest, Dittmer Properties L.P., representing half of BCGP's interest, sued the original lending bank, Premier Bank, seeking declaratory judgment that the loan should be declared void as to plaintiff Dittmer Properties L.P. and sought to enjoin the bank from selling the encumbered property.  The primary basis for plaintiff Dittmer Properties L.P.'s complaint was that the partner who signed for the loan, John Peters, did not have

authority from the other partner, Joe Dittmer, to do so.  Plaintiff Dittmer Properties L.P. sued both the assignee of John Peters' interest, Cathy Richards, and the bank who made the loan, Premier Bank, alleging "violations of common law duties" including "making a loan that is not commercially reasonable, nor in keeping with its obligation to exercise ordinary care in respect to plaintiff."  Additionally by disbursing the funds to pay off another loan that the signer/partner John Peters had, the defendant Premier Bank is alleged to have converted the funds loaned to the partnership (since the loan that Peters paid off was also held by Premier Bank). The FDIC was substituted as a defendant in Premier Bank's place shortly after being appointed receiver.  Thereafter, the FDIC removed the case to federal court and filed its Motion to Dismiss (Case No. 2:11-CV-4011-FJG).  On January 27, 2012, the Court granted the FDIC's Renewed Motion to Dismiss and dismissed plaintiff's claims against the FDIC.  The Court then remanded to the Boone County Circuit Court plaintiff's remaining state law claims against Cathy Richards.

On September 12, 2011, Buford Farrington, Dittmer Holdings, LLC, Barkley Center Holdings, LLC and UMB Bank filed a petition against the FDIC and Cathy Richards in Boone County Circuit Court.  The FDIC removed the action to federal court. (Case No. 2:11-CV-4252-FJG).  On January 27, 2012, the Court granted the FDIC's Motion to Dismiss, finding that the plaintiffs' claims in the second suit were barred by the doctrine of res judicata.  Appeals were filed in both Case No. 11-CV-4011 and Case No. 11-CV-4252 and are currently being considered by the Eighth Circuit.

On July 9, 2010, the property at issue in the suit was sold.  Since that time, the funds of the purchase price have been deposited in escrow with Plaintiff, Boone Central

Title Company, pursuant to an Escrow Agreement, pending a resolution of the lawsuit. On May 1, 2012, Plaintiff Boone Central Title Company filed a Petition for Interpleader in the Circuit Court of Boone County, Missouri. An Amended Petition for Interpleader was filed on May 11, 2012. On May 22, 2012, defendant CADC removed this interpleader action to federal court. Plaintiff states in the Interpleader action that it owes the Escrowed Funds to one or more of the defendants, but had been unable to determine which of the defendants is entitled to the funds. CADC/RADC[1] has made a demand on Boone Central Title for the funds, arguing that the lawsuits have been disposed of and that CADC is the successor holder of all rights under the loan, promissory note and deed of trust and is entitled to the funds. The Dittmer Defendants state that they contest the delivery and rights of CADC to the Escrowed Funds. Landmark Bank has also asserted that its holds a security interest which would extend to the Escrowed Funds by virtue of a Commercial Security Agreement dated May 1, 2012, executed in favor of Landmark by Barkley Center General Partnership, Dittmer Properties, L.P. and the Estate of Joe Dittmer. On August 24, 2012, the Court granted plaintiff's Motion for Entry of a Preliminary Order of Interpleader. The Court directed plaintiff to pay the Escrowed Funds into the registry of the Court.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937,1949,173 L.Ed.2d 868 (2009)

---

[1] The FDIC in its capacity as Receiver for Premier Bank, assigned its interest in the Loan, the Promissory Note and Deed of Trust to CADC/RADC on August 24, 2011.

3

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice.   Id. (quoting Twombly).   "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.   Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor.   Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

### III. DISCUSSION

**A.  CADC's Motion to Dismiss Dittmer Defendants**

CADC argues that the Dittmer parties have twice before asserted claims to the funds at issue.   CADC states that the Dittmer parties re-filed as their claims in this interpleader action, exact copies of their prior complaints in Case Nos. 2:11-CV-4011-FJG and 2:11-CV-4252-FJG, which were dismissed.   CADC argues that the claims of the Dittmer defendants are barred by res judicata and collateral estoppel and thus their claims should be dismissed. In response, the Dittmer Defendants incorporate by reference their Suggestions in Support of their Motion for a Stay of Proceedings.   The Dittmer defendants move for a stay arguing that the Court should not proceed with this interpleader action, because the exact same issues are currently on appeal in the Eighth Circuit and if the Eighth Circuit were to reverse this Court's decisions in those cases, any judgment or order in this interpleader action would have

4

to be set aside. In reply, CADC argues that the pendency of the appeal does not diminish the res judicata effect of the judgment that was entered by the district court on January 27, 2012.  Additionally, CADC notes that by failing to furnish a supersedeas bond and request that the Court stay execution, the Dittmer defendants lost the power to stay execution pending appeal.  In Lucas v. Jerusalem Café, LLC, 4:10-CV-00582-DGK, *1 (W.D.Mo. July 13, 2012), the Court stated that it would grant a stay of execution during the pendency of the appeal, subject to the defendants filing a supersedeas bond with the Court. The Court noted:

> [w]hile Defendants will not lose their right to appeal if they fail to furnish a supersedeas bond, In re Farrell Lines, Inc., 761 F.2d 796, 797-98 (D.C.Cir. 1985), without posting a bond they are not entitled to a stay of execution of judgment as a matter of right and therefore may be exposed to enforcement of the judgment prior to resolution of their appeal.

CADC notes that the Dittmer defendants have not offered to post bond and have not attempted to refute the merits of CADC's Motion to Dismiss.  CADC argues that because the Dittmer defendants are barred by res judicata from relitigating the previously decided claims, there is no reason to grant their motion to stay.

**B.  Defendant CADC's Motion to Dismiss Claim of Landmark Bank**

CADC states that on June 7, 2012, Landmark Bank filed its Answer to the First Amended Petition for Interpleader and its Answer to CADC's Cross-Claim.  In the Answer, Landmark stated that its interest "in the Escrowed Funds is entirely derivative from any interest the Dittmer Parties named in plaintiff's First Amended Petition have in the Escrowed Funds in that the Dittmer Parties have granted a security interest in their interest in said Escrowed Funds to defendant Landmark."  (Doc. # 21, ¶ 50 and Doc. #

5

22, ¶ 11). CADC argues that because the Dittmer Defendants' claims are barred as a result of the judgments entered in Cases 2:11-CV-4011-FJG and 2:11-CV-4252-FJG, the claims of Landmark Bank must also be dismissed because they are entirely derivative of any interest that the Dittmer defendants would have. In opposition, Landmark Bank argues that the judgments entered in Cases 11-4011 and 11-4252 are on appeal and a judgment is not final while an appeal is pending. Landmark asserts that it would be premature of the Court to give the prior judgments preclusive effect until the appeals have been determined. CADC argues that the law of the Eighth Circuit is that a judgment is final while on appeal and may not be collaterally attacked and thus the claims of the Dittmer defendants and Landmark Bank must be dismissed.

In the case In re Ewing, 852 F.2d 1057 (8th Cir.1988), the Court stated:

> [i]t is well established in the federal courts that the pendency of an appeal does not diminish the *res judicata* effect of a judgment rendered by a federal court. . . .See also 1B J. Moore, Moore's Federal Practice ¶ 0.416[3], at 521-22 ("The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo.")(footnotes omitted).

Id. at 1060 (internal citations and quotations omitted). Similarly, in Austin v. United Parcel Service, Inc., No. 4-01-CV-90404, 2002 WL 31050867 (S.D. Iowa Sept. 13, 2002), the Court stated,"[t]he 8th Circuit has recognized the rule, well-established in the federal courts, that the pendency of an appeal does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel, unless the appeal removes the entire case to the appellate court and constitutes a proceeding *de novo*. . . . Unless and until the Eighth Circuit finds for the plaintiff class on appeal, the district

6

court judgment is binding on the parties to the action." Id. at *3 (internal citations and quotations omitted). See also U.S. v. Horne, No. 05-0497-CV-W-NLK, 2006 WL 290591, *2, n.1 (W.D.Mo. Feb. 6, 2006)("That the judgment is on appeal before the Eighth Circuit does not undermine its finality for collateral estoppel purposes.").

Accordingly, because the pending appeals of this Court's decisions does not prevent the application of res judicata, the Court finds that the claims of the Dittmer defendants must be dismissed. "The principle behind the doctrine of res judicata is that [f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." Stewart v. General Mills Operations, LLC, No. 09-CV-05-LRR, 2009 WL 3208665, *2 (N.D.Iowa Sept. 30, 2009), aff'd, 2010 WL 2010874 (8th Cir.2010)(internal citation and quotations omitted). The Dittmer defendants have not argued that they are asserting different claims or that res judicata would not apply to their claims in this interpleader action. Instead, they only argue that the Court should await a ruling by the Eighth Circuit before ruling the Motions to Dismiss. However, as discussed above, the caselaw in the Eighth Circuit states that a pending appeal does not prevent the application of res judicata. As the claims of Landmark Bank are entirely derivative of any claim of the Dittmer defendants, and because the Court has determined that the Dittmer defendants have no claim to the escrowed funds, the Court finds that these claims must be dismissed as well.

## IV. CONCLUSION

Accordingly, because the Court finds that the claims of the Dittmer Defendants

are the same claims as raised in the earlier actions, the Court hereby **GRANTS** CADC's Motion to Dismiss the claims of the Dittmer Defendants (Doc. # 31). Additionally, the Court also **GRANTS** CADC's Motion to Dismiss the claims of Landmark Bank (Doc. # 33), as these claims are entirely derivative of any claims of the Dittmer Defendants and the Court has now determined that the Dittmer Defendants have no interests in the escrowed funds. As discussed above, because the Court has found that the pending appeal does not prevent the application of res judicata, and because the Dittmer defendants posted no supersedeas bond, the Court finds no basis on which to grant the Motion to Stay. Therefore, the Dittmer Defendants' Motion for Stay of Proceedings is hereby **DENIED** (Doc. # 38).

Date: December 26, 2012
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

8