# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BOONE-CENTRAL TITLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:12-CV-4137 |
| ) | |
| DITTMER PROPERTIES, L.P., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is defendant CADC/RADC Venture 2011-1, LLC ("CADC"'s) Motion and Supplemental Motion for Disbursement of Funds (Docs. #53, 54) and Dittmer Properties, L.P., Buford Farrington, Dittmer Holdings, L.L.C., Barkley Center Holdings, L.L.C. and UMB, N.A.'s Motion to Alter, Amend or Vacate the Order of Dismissal (Doc. # 49).

## I. BACKGROUND

In July 2006, the Barkley Center General Partnership ("BCGP") comprised of two equal partners, John Peters and Joe Dittmer, took out a loan in the amount of $2,550,000. Property owned by the partnership was used as collateral for the loan. The partnership defaulted on the loan and the property was placed under the control of the FDIC as receiver for the now insolvent bank. The plaintiff successor in interest, Dittmer Properties L.P., representing half of BCGP's interest, sued the original lending bank, Premier Bank, seeking declaratory judgment that the loan should be declared void as to plaintiff Dittmer Properties L.P. and sought to enjoin the bank from selling the encumbered property. The primary basis for plaintiff Dittmer Properties L.P.'s complaint

was that the partner who signed for the loan, John Peters, did not have authority from the other partner, Joe Dittmer, to do so. Plaintiff Dittmer Properties L.P. sued both the assignee of John Peters' interest, Cathy Richards, and the bank who made the loan, Premier Bank, alleging "violations of common law duties" including "making a loan that is not commercially reasonable, nor in keeping with its obligation to exercise ordinary care in respect to plaintiff." Additionally by disbursing the funds to pay off another loan that the signer/partner John Peters had, the defendant Premier Bank is alleged to have converted the funds loaned to the partnership (since the loan that Peters paid off was also held by Premier Bank). The FDIC was substituted as a defendant in Premier Bank's place shortly after being appointed receiver. Thereafter, the FDIC removed the case to federal court and filed its Motion to Dismiss (Case No. 2:11-CV-4011-FJG). On January 27, 2012, the Court granted the FDIC's Renewed Motion to Dismiss and dismissed plaintiff's claims against the FDIC. The Court then remanded to the Boone County Circuit Court plaintiff's remaining state law claims against Cathy Richards.

On September 12, 2011, Buford Farrington, Dittmer Holdings, LLC, Barkley Center Holdings, LLC and UMB Bank filed a petition against the FDIC and Cathy Richards in Boone County Circuit Court. The FDIC removed the action to federal court. (Case No. 2:11-CV-4252-FJG). On January 27, 2012, the Court granted the FDIC's Motion to Dismiss, finding that the plaintiffs' claims in the second suit were barred by the doctrine of res judicata. Appeals were filed in both Case No. 11-CV-4011 and Case No. 11-CV-4252.

On July 9, 2010, the property at issue in the suit was sold. Since that time, the funds of the purchase price have been deposited in escrow with Plaintiff, Boone Central

2

Title Company, pursuant to an Escrow Agreement, pending a resolution of the lawsuit. On May 1, 2012, Plaintiff Boone Central Title Company filed a Petition for Interpleader in the Circuit Court of Boone County, Missouri. An Amended Petition for Interpleader was filed on May 11, 2012. On May 22, 2012, defendant CADC removed this interpleader action to federal court. Plaintiff states in the Interpleader action that it owes the Escrowed Funds to one or more of the defendants, but had been unable to determine which of the defendants is entitled to the funds. CADC/RADC[1] has made a demand on Boone Central Title for the funds, arguing that the lawsuits have been disposed of and that CADC is the successor holder of all rights under the loan, promissory note and deed of trust and is entitled to the funds. The Dittmer Defendants contested the delivery and rights of CADC to the Escrowed Funds. Landmark Bank also asserted that its holds a security interest which would extend to the Escrowed Funds by virtue of a Commercial Security Agreement dated May 1, 2012, executed in favor of Landmark by Barkley Center General Partnership, Dittmer Properties, L.P. and the Estate of Joe Dittmer.

On August 24, 2012, the Court granted plaintiff's Motion for Entry of a Preliminary Order of Interpleader. The Court directed plaintiff to pay the Escrowed Funds into the registry of the Court. On December 26, 2012, the Court entered an Order finding that because the pending appeals of this Court's decisions in Case Nos. 2:11-CV-4011-FJG and No. 2:11-CV-4252-FJG, did not prevent the application of res judicata, the Court dismissed the claims of the Dittmer Defendants. The Court also dismissed the claims of

---

[1] The FDIC in its capacity as Receiver for Premier Bank, assigned its interest in the Loan, the Promissory Note and Deed of Trust to CADC/RADC on August 24, 2011.

Landmark Bank, as those claims were entirely derivative of any claim of the Dittmer defendants. Additionally, on February 27, 2013, the Eighth Circuit Court of Appeals issued an Order in the consolidated appeal of the two earlier cases, affirming this Court's earlier decisions.

CADC has now filed a Motion to Disburse the Funds Held in the Court Registry, arguing that by virtue of this Court's August 24, 2012 and December 26, 2012 Orders, in which the Court found that neither Boone Central Title Company, the Dittmer parties nor Landmark Bank had any claim to the Escrowed Funds, and the Eighth Circuit's February 27, 2013 affirmation of the earlier judgments entered by this Court, CADC is now entitled to disbursement of the Escrowed Funds.

Before ruling on CADC's Motion for Disbursement, in order to clarify that all parties are in agreement, the Court would like the remaining defendant, Cathy Richards to indicate her position with regard to the Motion for Disbursement. The Court notes that although defendant Richards filed an Answer to the Petition and to the Counterclaims, she has filed no other pleadings in the case. However, rather than simply assuming that defendant Richards has no claim to the funds at issue, the Court would like a formal response. Accordingly, defendant Richards shall file a response to CADC's Motion for Disbursement of Funds on or before **April 30, 2013**. After reviewing defendant Richards' response, the Court will rule on the Motions for Disbursement. Richards' failure to timely respond will be interpreted as an indication that she claims no interest in these proceeds.

Additionally, the Court finds the Motion to Alter, Amend or Vacate filed by the Dittmer defendants is now moot, as the Eighth Circuit Court of Appeals has affirmed this

4

Court's orders in Case No. 11-CV-4011 and Case No. 11-CV-4252. The Dittmer defendants had argued that this Court's December 26, 2012 dismissal of their claims, put them at risk of being unable to obtain reimbursement if the Eighth Circuit reversed this Court's decisions in the related cases which were on appeal. However, since the Eighth Circuit has now issued its Order affirming the decisions entered by this Court, the Court hereby **DENIES AS MOOT** the Motion to Alter, Amend or Vacate (Doc. # 49).


Date: April 22, 2013                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri              Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge