# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| BOONE-CENTRAL TITLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:12-CV-4137 |
| ) | |
| DITTMER PROPERTIES, L.P., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is defendant CADC/RADC Venture 2011-1, LLC ("CADC"'s) Motion and Supplemental Motion for Disbursement of Funds (Docs. #53, 54).

In July 2006, the Barkley Center General Partnership ("BCGP") comprised of two equal partners, John Peters and Joe Dittmer, took out a loan in the amount of $2,550,000. Property owned by the partnership was used as collateral for the loan. The partnership defaulted on the loan and the property was placed under the control of the FDIC as receiver for the now insolvent bank. The plaintiff successor in interest, Dittmer Properties L.P., representing half of BCGP's interest, sued the original lending bank, Premier Bank, seeking declaratory judgment that the loan should be declared void as to plaintiff Dittmer Properties L.P. and sought to enjoin the bank from selling the encumbered property. The primary basis for plaintiff Dittmer Properties L.P.'s complaint was that the partner who signed for the loan, John Peters, did not have authority from the other partner, Joe Dittmer, to do so. Plaintiff Dittmer Properties L.P. sued both the assignee of John Peters' interest, Cathy Richards, and the bank who made the loan,

Premier Bank, alleging "violations of common law duties" including "making a loan that is not commercially reasonable, nor in keeping with its obligation to exercise ordinary care in respect to plaintiff." Additionally by disbursing the funds to pay off another loan that the signer/partner John Peters had, the defendant Premier Bank is alleged to have converted the funds loaned to the partnership (since the loan that Peters paid off was also held by Premier Bank). The FDIC was substituted as a defendant in Premier Bank's place shortly after being appointed receiver. Thereafter, the FDIC removed the case to federal court and filed its Motion to Dismiss (Case No. 2:11-CV-4011-FJG). On January 27, 2012, the Court granted the FDIC's Renewed Motion to Dismiss and dismissed plaintiff's claims against the FDIC. The Court then remanded to the Boone County Circuit Court plaintiff's remaining state law claims against Cathy Richards.

On September 12, 2011, Buford Farrington, Dittmer Holdings, LLC, Barkley Center Holdings, LLC and UMB Bank filed a petition against the FDIC and Cathy Richards in Boone County Circuit Court. The FDIC removed the action to federal court. (Case No. 2:11-CV-4252-FJG). On January 27, 2012, the Court granted the FDIC's Motion to Dismiss, finding that the plaintiffs' claims in the second suit were barred by the doctrine of res judicata. Appeals were filed in both Case No. 11-CV-4011 and Case No. 11-CV-4252.

On July 9, 2010, the property at issue in the suit was sold. Since that time, the funds of the purchase price have been deposited in escrow with Plaintiff, Boone Central Title Company, pursuant to an Escrow Agreement, pending a resolution of the lawsuit. On May 1, 2012, Plaintiff Boone Central Title Company filed a Petition for Interpleader in the Circuit Court of Boone County, Missouri. An Amended Petition for Interpleader

2

Case 2:12-cv-04137-FJG   Document 57   Filed 05/01/13   Page 2 of 5

was filed on May 11, 2012. On May 22, 2012, defendant CADC removed this interpleader action to federal court. Plaintiff states in the Interpleader action that it owes the Escrowed Funds to one or more of the defendants, but had been unable to determine which of the defendants is entitled to the funds. CADC/RADC[1] has made a demand on Boone Central Title for the funds, arguing that the lawsuits have been disposed of and that CADC is the successor holder of all rights under the loan, promissory note and deed of trust and is entitled to the funds. The Dittmer Defendants contested the delivery and rights of CADC to the Escrowed Funds. Landmark Bank also asserted that its holds a security interest which would extend to the Escrowed Funds by virtue of a Commercial Security Agreement dated May 1, 2012, executed in favor of Landmark by Barkley Center General Partnership, Dittmer Properties, L.P. and the Estate of Joe Dittmer.

On August 24, 2012, the Court granted plaintiff's Motion for Entry of a Preliminary Order of Interpleader. The Court directed plaintiff to pay the Escrowed Funds into the registry of the Court. On December 26, 2012, the Court entered an Order finding that because the pending appeals of this Court's decisions in Case Nos. 2:11-CV-4011-FJG and No. 2:11-CV-4252-FJG, did not prevent the application of res judicata, the Court dismissed the claims of the Dittmer Defendants. The Court also dismissed the claims of Landmark Bank, as those claims were entirely derivative of any claim of the Dittmer defendants. Additionally, on February 27, 2013, the Eighth Circuit Court of Appeals issued an Order in the consolidated appeal of the two earlier cases, affirming this

---

[1] The FDIC in its capacity as Receiver for Premier Bank, assigned its interest in the Loan, the Promissory Note and Deed of Trust to CADC/RADC on August 24, 2011.

Court's earlier decisions.

CADC has now filed a Motion to Disburse the Funds Held in the Court Registry, arguing that by virtue of this Court's August 24, 2012 and December 26, 2012 Orders, in which the Court found that neither Boone Central Title Company, the Dittmer parties nor Landmark Bank had any claim to the Escrowed Funds, and the Eighth Circuit's February 27, 2013 affirmation of the earlier judgments entered by this Court, CADC is now entitled to disbursement of the Escrowed Funds. On April 22, 2013, the Court requested that the remaining defendant, Cathy Richards to indicate her position with regard to the Motion for Disbursement. On April 26, 2013, defendant Richards filed a response indicating that she has no objection to the disbursal of the funds to CADC/RADC Venture 2011-1, LLC, but requested that any surplus funds which might remain after satisfaction of the loan in question be disbursed to her in her capacity as successor trustee.

Accordingly, the Court hereby enters judgment in favor of CADC/RADC Venture 2011-1, LLC, and **GRANTS** the Motion and Supplemental Motion to Disburse Funds (Docs. # 53,54).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of the Court is hereby **ORDERED** to pay out forthwith from the registry fund of the Court the principal sum of One Million Four Hundred Seven Thousand Forty and 60/100 dollars ($1,407,040.60), plus all accumulated interest for Case No. 12-CV-4137 <u>Boone Central Title Company v. Dittmer Properties, L.P. et al.</u>. Said funds shall be paid to: CADC/RADC Venture 2011-1, LLC, c/o, Sauerwein Simon & Hein, 147 North Meramec

Ave., St. Louis, Missouri, 63105.

Date: May 1, 2013  /s/ Fernando J. Gaitan, Jr.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge